MRS. ZOA L. HAYWOOD, MRS. ROSA FULFORD, ET AL., v. R. H. RIGS-BEE, R. H. RIGSBEE, EXECUTOR AND TRUSTEE, AND THE FIDELITY BANK AND THE FIDELITY CENTRAL COMPANY.

(Filed 28 January, 1935.)

**1. Mortgages H b—**

Upon the termination of a receivership, foreclosure against property theretofore held by the receiver can no longer be resisted on the ground that it would unnecessarily interfere with the administration of the property by the receiver.

**2. Estoppel C a—**

Where it is judicially determined that the surviving children of testator are the sole beneficiaries under a trust established by the will, and it appears that each of the children joined in the execution of a ratification and confirmation of a deed of trust executed on trust property by the trustee, each of the children is estopped to attack the deed of trust for want of authority in the trustee to execute same.

**3. Mortgages H b—**

Foreclosure of a deed of trust may not be enjoined merely upon allegations of general financial depression or that the time is not auspicious for a sale.

BROGDEN, J., took no part in the consideration or decision of this case.

APPEAL by the corporate defendants from *Cranmer, J.,* at Chambers in New Bern. From DURHAM. Reversed.

*Fuller, Reade & Fuller for the Fidelity Central Company, trustee, and the Fidelity Bank, appellants.*

*Bryant & Jones and Egbert L. Haywood for plaintiffs appellees.*

*Hedrick & Hall and L. P. McLendon for R. H. Rigsbee and R. H. Rigsbee, executor and trustee.*

*Brawley & Gantt for Mrs. Mary E. Middleton, Miss Sallie Rigsbee, and Mrs. Mattie R. Bitling.*

SCHENCK, J. This is an appeal by the defendants, the Fidelity Bank and the Fidelity Central Company, from an order disallowing their motion to dissolve a restraining order theretofore obtained by a temporary receiver appointed in the cause. The appellants are the *cestui que trust* and the trustee, respectively, in the deed of trust the foreclosure of which is restrained by the order which they seek to have dissolved.

The grounds alleged in the motion, upon which the receiver obtained the restraining order, were substantially that (1) if the deed of trust were foreclosed at this time the property would not bring its full and fair market value, and would be detrimental to all interested parties, and (2) would hinder and hamper the receiver in the performance of his duties and "constitute an unnecessary interference with the administration of the receivership," and (3) that the said R. H. Rigsbee was without authority to execute, or to give authority to anyone else to execute, the deed of trust sought to be foreclosed, and (4) that R. H. Rigsbee, executor and trustee under the will of the late Atlas M. Rigsbee, has not filed any final accounts, and that it would be harmful and illegal, and that the damage would be irreparable if the foreclosure sale were not restrained.

Since it appears on the record that the receivership was terminated (20 June, 1934) before the order disallowing the dissolution of the restraining order was made (23 November, 1934), it is apparent that the alleged "unnecessary interference with the administration of the receivership" could no longer be a cause for a continuance of the order.

Since this Court, under even date with this opinion, has rendered an opinion in another action (*Haywood et al. v. Rigsbee et al., ante,* 684), wherein some of the plaintiffs in this action are likewise plaintiffs, affirming the judgment of Cranmer, J., to the effect that the six (6) children of Atlas M. Rigsbee, living at the expiration of the trust, are the sole beneficiaries of any unadministered property or funds, in trust or otherwise, the right of any plaintiffs, except those who are children of Atlas M. Rigsbee, to maintain this action ceases.

Since the plaintiffs, who are children of Atlas M. Rigsbee, namely, Mrs. Zoa L. Haywood and Mrs. Rosa Fulford, joined with his four other living children in the execution of a ratification and confirmation

of the deed of trust now sought to be foreclosed, they are estopped to attack such deed of trust for the want of authority in the grantor to execute the same.

There is left only the allegation that if the deed of trust was foreclosed at this time the property would not bring its full and fair market value, and neither the legislation growing out of present financial emergency nor the decisions of this Court authorize or sustain injunctive relief for the reason that the time is not auspicious for a sale. To so hold would practically nullify the system of securing indebtedness by mortgages and deeds of trust on land now, and for many years past, in general and accepted use.

It appears from the record that the note secured by the deed of trust is past due and unpaid, that those who hold the equity of redemption have ratified and confirmed the execution of the said note and deed of trust, and that demand for payment has been made, and that there is no allegation of fraud, restraint, oppression, or usury in the transaction, or of insolvency of the *cestui que trust* or trustee.

We are constrained to hold, on the record, that the restraining order should be dissolved, and it is so ordered.

Reversed.

BROGDEN, J., took no part in the consideration or decision of this case.